IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| QUANTA SPECIALTY LINES INSURANCE COMPANY, an Indiana company,<br><br>       Plaintiff,<br><br>v.<br><br>PACIFIC LIFESTYLE HOMES, INC., a Washington corporation, ASSET PROTECTION PROGRAM RISK RETENTION GROUP, INC., a South Carolina corporation, and NORTH AMERICAN SPECIALTY INSURANCE COMPANY INCORPORATED, a New Hampshire corporation,<br><br>       Defendants, | No.<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

## I. PARTIES

1.1 Quanta Specialty Lines Insurance Company ("Quanta") is an Indiana insurance company. At all material times, Quanta was authorized to and engaged in the business of writing surplus lines insurance for policyholders in the State of Washington. Quanta's principal place of business is in New York. Quanta has paid all fees owing the State of Washington and is authorized to bring this suit. Quanta is the insurer under commercial general liability policies issued to Pacific Lifestyle Homes, Inc.

COMPLAINT FOR DECLARATORY
JUDGMENT - 1
[CV -            ]

G:\Docs\295\2295\PLD\COMPLAINT FOR DECLARATORY JUDGMENT.docx

THORSRUD CANE & PAULICH
A PROFESSIONAL SERVICE CORPORATION
1300 PUGET SOUND PLAZA
1325 FOURTH AVENUE
SEATTLE, WA 98101
(206) 386-7755

1.2    Pacific Lifestyle Homes, Inc. ("PLH") is a Washington corporation located in Vancouver, Washington. PLH filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on October 16, 2008. The case is pending in the United States Bankruptcy Court, Western District of Washington, under Cause No. 08-45328.

1.3    North American Specialty Insurance Company Incorporated ("NAS") is a New Hampshire insurance company with its principal place of business in New Hampshire. NAS issued a commercial general liability policy to PLH.

1.4    Asset Protection Program Risk Retention Group, Inc. ("The Program") is a South Carolina insurance company with its principal place of business in South Carolina. The Program issued a commercial general liability policy issued to PLH.

## II. JURISDICTION

2.1    This action is a civil action of which this court has original jurisdiction under 28 USC sec. 1332(a), in that the parties are citizens of different states, the amount in controversy is in excess of $75,000, because both the claims in the underlying action and the limits of the insurance policy in question exceed that amount.

## III. FACTS

3.1    Quanta has been defending its insured PLH under a reservation of rights in a construction-defect lawsuit, entitled *The Courtyard at Fairfield Owners Association v. Courtyard at Fairfield, Inc., et al. Murrieta Ranchos, et al.,* Superior Court, Clark County, Cause No. 08-2-01442-1 ("*Courtyard Suit*"). A copy of the First Amended Complaint for Damages in the *Courtyard Suit* is attached hereto as Exhibit A. The claims in the *Courtyard Suit* involve moisture damage at the Courtyard at Fairfield multi-family residential development in Vancouver, Washington ("The Project").

COMPLAINT FOR DECLARATORY
JUDGMENT - 2
[CV -        ]

G:\Docs\295\2295\PLD\COMPLAINT FOR DECLARATORY JUDGMENT.docx

**THORSRUD CANE & PAULICH**
A PROFESSIONAL SERVICE CORPORATION
1300 PUGET SOUND PLAZA
1325 FOURTH AVENUE
SEATTLE, WA 98101
(206) 386-7755

3.2     On information and belief, The Project was constructed in 2004 and 2005. The Project's residential units were completed between October 2004 and June 2005.

3.3     PLH was the developer of The Project.

3.4     PLH has filed a Chapter 11 bankruptcy reorganization action in United States Bankruptcy Court, Western District of Washington at Tacoma under Cause No. 08-45328-PBS.

3.5     Quanta is informed and believes that the bankruptcy court is allowing the plaintiffs in the construction-defect lawsuit to proceed against the insured PLH to the extent of any insurance assets under an order granting relief from stay entered on March 9, 2009.

3.6     Quanta has moved for and been granted relief from the bankruptcy stay to proceed with this declaratory judgment action by Court order dated July 29, 2010.

3.7     Quanta issued two insurance policies to PLH, number QNG0004074-00, with effective dates April 12, 2005 to June 25, 2006 ("Primary Policy"), and number QNX0010106-00 ("Excess Policy") with effective dates September 20, 2006 to June 25, 2007 (Quanta's two policies are collectively referred to herein as "The Policies"). A copy of the Primary Policy is attached to and incorporated herein as Exhibit B. A copy of the Excess Policy is attached to and incorporated herein as Exhibit C.

3.8     The Primary Policy includes an Amendment of Limits for Moisture-Related Damage which limits payment to $25,000 in any policy period for property damage "alleged to consist of, be caused by, arise out of, or is aggravated by 'moisture-related damage." The limit applies even if "causes, other than 'moisture-related damage', add to or contribute directly, indirectly, or in any manner or sequence to the 'bodily injury', 'property damage', 'personal and advertising injury' and/or 'expense'." The endorsement defines "moisture-related damage" to include "Fungus/fungi, including but not limited to, mold, mildew, mushrooms, yeast, bio-

COMPLAINT FOR DECLARATORY
JUDGMENT - 3
[CV -          ]

G:\Docs\295\2295\PLD\COMPLAINT FOR DECLARATORY JUDGMENT.docx

THORSRUD CANE & PAULICH
A PROFESSIONAL SERVICE CORPORATION
1300 PUGET SOUND PLAZA
1325 FOURTH AVENUE
SEATTLE, WA 98101
(206) 386-7755

contaminates or any substance produced by, arising out of, or emanating therefrom" and "rot, decay, corrosion, or other gradual deterioration, de-lamination, adhesive or cohesive failure, weakening, or deformation of wood products or other material caused by continuous and/or prolonged and/or repeated contact with water or moisture."

3.9 The Primary Policy also includes a Designated Work Exclusion that excludes coverage for damages "[a]rising out of the design, manufacture, construction, fabrication, maintenance, repair, remodeling, service, correction, or replacement of any part of a 'condominium project' and/or 'community apartment project/co-operative project' and/or 'commercial construction' and/or 'common area(s)'."

3.10 The Designated Work Exclusion contained in the Primary Policy also excludes coverage for damages "arising out of the design, manufacture, [or] construction . . . of any structure, not otherwise excluded by this endorsement, which exceeds (3) stories or four units per building."

3.11 The Primary Policy also includes an "impaired property" exclusion, which excludes coverage for:

> "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
>
> (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
>
> (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

3.12 The Primary Policy also states that "this insurance does not apply to ... property damage expected or intended from the standpoint of the insured."

COMPLAINT FOR DECLARATORY
JUDGMENT - 4
[CV -          ]

G:\Docs\295\2295\PLD\COMPLAINT FOR DECLARATORY JUDGMENT.docx

**THORSRUD CANE & PAULICH**
A PROFESSIONAL SERVICE CORPORATION
1300 PUGET SOUND PLAZA
1325 FOURTH AVENUE
SEATTLE, WA 98101
(206) 386-7755

3.13    The Primary Policy also states that "this insurance does not apply to … property damage for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement."

3.14    The Primary Policy only provides coverage for "property damage" that is caused by an "occurrence" during the policy period.

3.15    The Excess Policy is a "following form" policy, which states that "[t]his insurance is subject to the same terms, conditions, agreements, exclusions and definitions as the Underlying Insurance, except (1) We will have no obligation under this insurance with respect to any claim or suit that is settled without our consent; and (2) With respect to any provisions to the contrary contained in this insurance."

3.16    The Excess Policy provides coverage above a policy issued by The Program under Policy Number LBR0001003-00, with effective dates June 25, 2006 to June 25, 2007 ("Underlying Insurance").

3.17    The Underlying Insurance uses the same Commercial General Liability form as the Primary Policy, CG 00 01 12 04, and the same Designated Work Exclusion form as the Primary Policy, CG 21 34 01 87. The Underlying Insurance does not include an endorsement providing an Amendment of Limits for Moisture-Related Damage.

3.18    The Underlying Insurance includes an Amendment of Insuring Agreement – Prior Damage or Injury, form GL-KLE-001 (02/02). This Amendment provides that "[t]his insurance applies to 'bodily injury' and 'property damage' only if: … (3) the 'bodily injury' or 'property damage' first takes place during the policy period. . . ."

COMPLAINT FOR DECLARATORY
JUDGMENT - 5
[CV -         ]
G:\Docs\295\2295\PLD\COMPLAINT FOR DECLARATORY JUDGMENT.docx

THORSRUD CANE & PAULICH
A PROFESSIONAL SERVICE CORPORATION
1300 PUGET SOUND PLAZA
1325 FOURTH AVENUE
SEATTLE, WA 98101
(206) 386-7755

3.19  NAS issued two primary insurance policies to PLH, under Policy Number BXC0004894-00, with effective dates April 12, 2003 to April 12, 2004, and Policy Number BXG0007794-00, with effective dates April 12, 2004 to April 12, 2005.

3.20  For the foregoing reasons, The Policies do not provide coverage for the claims asserted against PLH in the *Courtyard Suit*.

## IV.  CLAIM FOR RELIEF

4.1  <u>Controversy</u>.  A justiciable controversy exists over the rights of the parties under the Quanta Policies issued to PLH with respect to the claims alleged in the *Courtyard Suit*.

4.2  <u>Declaratory relief</u>.  Quanta is entitled to a declaratory judgment as against the defendant that under the Primary Policy, Quanta has no further duty to defend PLH and no duty to pay on PLH's behalf any amounts that may be awarded against it in the *Courtyard Suit*. Quanta is also entitled to declaratory judgment as against the defendant that under the Excess Policy, Quanta has no duty to pay on PLH's behalf any amounts that may be awarded against it in the *Courtyard Suit*.

4.3  <u>Basis for relief</u>.  Quanta's has no duty to defend or pay under The Policies because, among other things:

- Quanta's duty to pay PLH for claims in the *Courtyard Suit* under the Primary Policy, if any, is limited by the moisture-damage limitation of $25,000;

- Quanta has no duty to pay PLH for claims in the *Courtyard Suit* under the Primary Policy or Excess Policy for property damage excluded under the Designated Work Exclusion;

COMPLAINT FOR DECLARATORY
JUDGMENT - 6
[CV -         ]
G:\Docs\295\2295\PLD\COMPLAINT FOR DECLARATORY JUDGMENT.docx

**THORSRUD CANE & PAULICH**
A PROFESSIONAL SERVICE CORPORATION
1300 PUGET SOUND PLAZA
1325 FOURTH AVENUE
SEATTLE, WA 98101
(206) 386-7755

- Quanta has no duty to pay PLH for claims in the *Courtyard Suit* under the Primary Policy or Excess Policy for property damage that is not caused by an occurrence during the policy periods,
- Quanta has no duty to pay PLH for claims in the *Courtyard Suit* under the Primary Policy or Excess Policy because the property damage was expected or intended,
- Quanta has no duty to pay PLH for claims in the *Courtyard Suit* under the Primary Policy or Excess Policy for liabilities that the insured assumed by contract,
- Quanta has no duty to pay PLH for claims in the *Courtyard Suit* under the Primary Policy or Excess Policy for damage to impaired property,
- Quanta has no duty to pay PLH for claims in the *Courtyard Suit* under the Excess Policy to the extent that the claimed property damage occurred prior to the inception of the Excess Policy.

Other reasons may exist for lack of coverage, as may be revealed by further investigation and analysis.

## V. REQUEST FOR RELIEF

Quanta requests that the court:

5.1  Determine the rights of the parties under the Policies issued by Quanta to PLH by way of declaratory judgment that The Policies do not cover the claims alleged in the *Courtyard Suit*;

5.2  Award Quanta its recoverable costs and attorneys fees; and

COMPLAINT FOR DECLARATORY JUDGMENT - 7
[CV -        ]
G:\Docs\295\2295\PLD\COMPLAINT FOR DECLARATORY JUDGMENT.docx

**THORSRUD CANE & PAULICH**
A PROFESSIONAL SERVICE CORPORATION
1300 PUGET SOUND PLAZA
1325 FOURTH AVENUE
SEATTLE, WA 98101
(206) 386-7755

5.3   Grant such further relief as is just and appropriate.

DATED this 3rd day of August, 2010.

*(signature)*

Patrick M. Paulich, WSBA #10951
THORSRUD CANE & PAULICH
1325 Fourth Avenue, Suite 1300
Seattle, WA  98101
206.386.7755
ppaulich@tcplaw.com

Attorneys for Plaintiff Quanta Specialty Lines Ins. Co.

COMPLAINT FOR DECLARATORY
JUDGMENT - 8
[CV -          ]

G:\Docs\295\2295\PLD\COMPLAINT FOR DECLARATORY JUDGMENT.docx

THORSRUD CANE & PAULICH
A PROFESSIONAL SERVICE CORPORATION
1300 PUGET SOUND PLAZA
1325 FOURTH AVENUE
SEATTLE, WA  98101
(206) 386-7755

# CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2010 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

                         /s/
Patrick M. Paulich, WSBA #10951
THORSRUD CANE & PAULICH
1325 Fourth Avenue, Suite 1300
Seattle, WA 98101
206.386.7755
FAX: 206.386.7795
email: rlove@tcplaw.com

Attorneys for Plaintiff Quanta Specialty Lines Ins. Co.

COMPLAINT FOR DECLARATORY JUDGMENT - 9
[CV -         ]
G:\Docs\295\2295\PLD\COMPLAINT FOR DECLARATORY JUDGMENT.docx

**THORSRUD CANE & PAULICH**
A PROFESSIONAL SERVICE CORPORATION
1300 PUGET SOUND PLAZA
1325 FOURTH AVENUE
SEATTLE, WA 98101
(206) 386-7755